UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
AUG 0 9 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-154-KSF

GREGORY C. JONES     PLAINTIFF

VS.     OPINION AND ORDER

BENEFITSOURCE, INC. A/K/A/
BENEFITSOURCE OF MICHIGAN, INC.     DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the Motion of Defendant BenefitSource, Inc. ("BenefitSource") to Dismiss pursuant to Rule 12(b) [DE # 2] and the Motion of Plaintiff Gregory C. Jones ("Jones") to add the Plan Administrator of his ERISA health benefits plan as an additional defendant [DE #6]. Having been fully briefed, these motions are ripe for review.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Jones, a Kentucky resident, filed this action in state court against BenefitSource, a Michigan corporation and the third party administrator for Jones' Employee Benefit Plan ("Plan"). The complaint alleges that BenefitSource agreed to pay for certain restorative dental treatment for Jones, but subsequently, wrongfully denied the claim. Jones claims he is entitled to the dental benefits and pleads estoppel, violation of Kentucky's Unfair Claims Settlement Practices Act, violation of Kentucky's Consumer Protection Act, common law bad faith, and gross negligence in support of his claim [DE #1].

BenefitSource removed the case to this Court and then moved to dismiss on several grounds, including preemption of the claims by the Employment Retirement Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), improper venue, and lack of personal jurisdiction over the Defendant. BenefitSource attached the affidavit of its President, Steven Friend, and Plan

documents to demonstrate that its function is to perform ministerial services as the third party administrator of the Plaintiff's Plan pursuant to an Administrative Services Performance Agreement between BenefitSource and the Plan Administrator, Emergency Physicians Medical Group PC ("Emergency Physicians")[DE #2, Exhibits 1-3]. The affidavit states that Plaintiff Jones participates in the Plan as a part-time emergency room physician in Cincinnati, Ohio, and that BenefitSource does not have a business presence in Kentucky, does not offer services for businesses located in Kentucky and does not offer services for employee benefit or welfare plans administered by entities located in Kentucky. BenefitSource further notes that the Plan specifically provides that it is not a fiduciary [DE #2, Exhibit 2 ("Plan"), p. 63].

In his Response, Jones "concedes that his state law claims are preempted by the ERISA statutes." [DE #5, p. 1]. Jones nonetheless argues that this Court does have personal jurisdiction over the Defendant under the nationwide service of process provisions of ERISA, and it has venue based upon where the beneficiary receives his benefits, which Jones claims is his home where he receives explanation of benefit documents. Jones also claims, based upon web pages relating to a Preferred Provider Organization Midwest, that BenefitSource has sufficient minimal contacts with Kentucky to confer personal jurisdiction. Subsequently, Jones filed a Motion for Leave to Add Additional Defendant [DE #6] in which he asked to add the Plan Administrator of his ERISA health benefits plan, Emergency Physicians, as an additional defendant. Jones did not move to amend his Complaint to state any claims against this proposed defendant.

BenefitSource responded to the request to add a defendant that it should be denied as futile, since Jones has not exhausted his administrative remedies under the Plan, which provides for an appeal of any adverse benefit determination. Jones did not allege any appeal of the denial of his benefits nor did he allege any basis for waiving the exhaustion requirement. In his Reply, Jones attached several pieces of correspondence requesting benefits for his restorative dental

2

treatment, while acknowledging that such treatment is normally not covered [DE #11]. He also argues that his Plan provides for suit in federal court.

Regarding the Motion to Dismiss, BenefitSource replied that Jones admits his claims are preempted, and he has not alleged any claim that reflects a duty independent from ERISA. It further notes that BenefitSource is not a plan fiduciary subject to claims under ERISA. In the alternative, it reiterates its arguments regarding the lack of jurisdiction and improper venue.

II.     ANALYSIS

    A.     Motion To Dismiss

The standard for a motion to dismiss under rule 12(b)(6) is that it must appear "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). All of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005).

In the present case, Plaintiff Jones admits that his state law claims are preempted by ERISA [DE #5, page 1]. He argues, nonetheless, that "he still has a claim for wrongful denial of benefits under his policy...." The only allegations in Plaintiff's Complaint, however, are the state law claims against BenefitSource based upon a denial of his benefits. There is no showing of exhaustion of administrative remedies. Moreover, there is no allegation that BenefitSource is a fiduciary subject to an ERISA claim.

The civil remedies provided by ERISA are exclusive. ERISA states that its provisions "shall supercede any and all State laws insofar as they may now and hereafter relate to any employee benefit plan described in section 1003(a)." 29 U.S.C. § 1144(a). In *Aetna Health, Inc. V. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004), the Supreme Court discussed ERISA preemption and said:

3

> [A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.

*Id.* at 209, 124 S.Ct. 2488. Under that standard, the Supreme Court affirmed dismissal of the plaintiffs' claims on preemption grounds, since they brought "suit only to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and [did] not attempt to remedy any violation of a legal duty independent of ERISA." *Id.* at 214, 124 S.Ct. 2488.

The same is true in the present case. Plaintiff Jones seeks only recovery of dental benefits that he claims were wrongfully denied. Such claims are completely preempted by ERISA and must be dismissed.

Additionally, it appears that any ERISA claim that might have been stated would not be a proper claim against BenefitSource. The Plan provides that Emergency Physicians is the Plan Administrator with "discretionary authority to construe and interpret the terms and provisions of the Plan, to make determinations regarding issues which related to eligibility for benefits" and the like [DE #2, Plan p. 62]. Regarding the claims administrator, the Plan provides:

> **CLAIMS ADMINISTRATOR IS NOT A FIDUCIARY.** A Claims Administrator is **not** a fiduciary under the Plan by virtue of paying claims in accordance with the Plan's rules as established by the Plan Administrator.

[Plan p. 63; emphasis in original]. The Administrative Services Agreement between BenefitSource and Emergency Physicians provides that BenefitSource is required to act in accordance with the Plan Documents with regard to determinations of eligibility and payment of benefits [DE #2, Exhibit 3, p. 2]. It further provides that Emergency Physicians is the Plan Administrator and Named Fiduciary and "retains full discretionary control and authority and discretionary responsibility in the operation and administration of the Plan." *Id.* at 4.

In *Briscoe v. Fine*, 444 F.3d 478, 488 (6th Cir. 2006), the court held that, to the extent a third-party administrator processed claims in accordance with the plan, it did not qualify as an ERISA fiduciary subject to suit:

4

> This court in *Baxter [v. C.A. Muer Corp.*, 941 F.2d 451 (6th Cir. 1991)] summarized the DOL Bulletin by explaining "that a person without the power to make plan policies or interpretations but who performs purely ministerial functions such as processing claims, applying plan eligibility rules, communicating with employees, and calculating benefits, is not a fiduciary under ERISA. *Id.* at 455.

Accordingly, the court dismissed state law claims against the third-party administrator for performance of its duties in that capacity. That same analysis applies here. BenefitSource is not an ERISA fiduciary and should be dismissed as a party defendant.

In light of this Court's decision that all of Plaintiff's claims are preempted and must be dismissed and that BenefitSource is not an ERISA fiduciary, it is not necessary to address the issues of jurisdiction and venue raised by BenefitSource.

### B.   Motion for Leave to Add an Additional Defendant

Regarding Plaintiff's motion to add the Plan Administrator, Emergency Physicians, as an additional defendant, it is this Court's Opinion that the motion should be denied. Plaintiff has not made any attempt to amend his Complaint so as to state any claim against Emergency Physicians. Accordingly, there is no set of facts that would entitle Plaintiff to relief against Emergency Physicians.

Additionally, Plaintiff has not alleged exhaustion of his administrative remedies nor any set of facts that would excuse the requirement of exhaustion.

> Beneficiaries seeking to recover improperly denied benefits must first exhaust the administrative remedies available to them, unless doing so would be futile or would furnish inadequate relief.

*Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 719 (6th Cir. 2005). Even if additional allegations could be made in an amended complaint, it would be futile to allow the addition of Emergency Physicians, only to dismiss the amended complaint later for failure to exhaust administrative remedies.

In his reply, Plaintiff attempts to rely on language on page 65 of the Plan that mentions a right to file suit in federal court. This language appears under an explanation of rights that

participants are entitled to under ERISA. While ERISA does provide a right to file suit in federal court, it does so only under limited conditions. Some of those conditions are expressly set forth on that same page of the Plan:

> If a Plan Participant's claim for a benefit is denied or ignored, in whole or in part, the participant has a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Thus, the Plan requires exhaustion of administrative remedies within certain time schedules. Plaintiff does not allege or claim that he complied with any of these requirements, even after the issue was raised by the Defendant. Accordingly, Plaintiff has failed to exhaust his administrative remedies, and the addition of another defendant would be futile.

## III. CONCLUSION

The Court, being otherwise fully and sufficient advised, **HEREBY ORDERS**:

a. The Motion of BenefitSource, Inc. to Dismiss [DE #2] is hereby **GRANTED**; Plaintiff's claims against BenefitSource, Inc. are **DISMISSED**.

b. Plaintiff's Motion for Leave to Add Additional Defendant is hereby **DENIED**.

c. **THIS ACTION IS DISMISSED AND SHALL BE STRICKEN FROM THE ACTIVE DOCKET.**

This ___ day of August, 2006.

_____
KARL S. FORESTER, SENIOR JUDGE

6